and Mr. Stanley, whenever you're ready, we'll hear from you. Good morning. May it please the court, William Stanley on behalf of Pittsylvania County and the Pittsylvania County Board of Supervisors. With the case before you today and in light of the Supreme Court rulings earlier in March v. Chambers and now the most recent one of the Supreme Court regarding the town of Greece v. Galloway, the issues before this court are threefold. First, are the invocations that were offered by the Pittsylvania County Board of Supervisors by the members, do they fall outside the legislative prayer tradition recognized by the Supreme Court? And within that, is who the prayer giver is in the legislative setting relevant even to the inquiry? And finally, in the light of town of Greece ruling, has Hudson maintained her prevailing party status after that ruling was handed down? Why isn't the first question whether we have jurisdiction over this appeal? Your Honor, there has been a motion to dismiss filed by the other side in that the argument has been, as we have acknowledged, one under the case law, while that may be true, we believe that the wording of the district court's order had language in it that made it a continuing order. And based on that and after consultation with other attorneys, those post-trial motions were filed, that one for attorney's fees was filed immediately thereafter. May I ask you this? Yes, sir. When a court enters a permanent injunction and says, close this case, and then says, we're going to retain jurisdiction to supervise the injunction, isn't that what every court has already? Not stating anything new by saying it has jurisdiction to review the injunction. As long as the injunction is open, a person can go back to the court under changed circumstances to review it, modify it, or whatever, or to hold someone in contempt under it. And certainly, Your Honor, and based on that point, we filed a Rule 60B motion. I'm asking you about, you're saying that this is not a final order because the court contained this language. And I'm suggesting to you that that language doesn't take away from the finality of the permanent injunction. And Judge, I would submit that reading the case law that has been submitted, I may agree with you. But based on, there was a two-prong. It was, we retained for enforcement and also for the determination of fees. Well, the determination of fees is even more clear because the attorney's fees is a problem in any case where you have a final judgment. And the rule explicitly says that unless you follow certain steps, that doesn't affect the finality of it. Indeed, Your Honor. And even if it were questionable, it would have been so simple to file a protective notice. Your Honor, you are correct in that regard. What we understood at the time to be that this was an ongoing matter, and the ongoing matter was continuing in nature. And, Your Honor, I come with my hat in hand. If I by unintentionally failed under the rules. Nothing that wasn't already the case. If it said nothing, it would have still had jurisdiction to supervise the injunction, and it still would have been able to address ward attorney's fees. That is correct, Your Honor. And so the language you rely on doesn't take away from the finality. And the court made it pretty clear. It was a final permanent injunction. The case was done. There was nothing more to be decided at that point except the attorney's fees. That is correct, Your Honor. And a motion was filed thereafter. Can you just go back before the district court and move to modify the permanent injunction based on the Supreme Court's decision in town of Greece? Your Honor, we did. After filing the notice of appeal, we filed a Rule 60B motion with the district court. The district court at that time, and that's why I believe we should be here and decide the issue today. If the notice of appeal was late, in this case about five months late, how could that cure it? The Rule 60B motion, Your Honor? Now, how could that, if your notice of appeal was late at that time, you filed your 60B after the time limit had run for the notice of appeal? Your Honor, I do not say it cures it. We are here today on a very important issue based on the town of Greece ruling. On the other hand, does he have to have jurisdiction to hear the case? We're not authorized under Article III, Section 2, just to hear a case because the lawyers filed it. We have to have an authority that gives us the authority to hear the case, no matter how meritorious it may be. And my question actually was going to the fact that if you were to lose here, couldn't you then go back to the district court and say, we seek to modify the injunction because there's been additional clarification from the Supreme Court? Unless this court, Your Honor, determines the matter on the merits, a Rule 60B motion would be forthcoming. And the court has ruled, and the district court said that… Every injunction is subject to modification or subject to a motion for holding somebody in contempt. That's correct. Or all kinds of changes based on fact and on law. Yes, sir. And town of Greece had not been decided when this final judgment was entered. Yes, sir. And as a consequence, what Judge Duncan is saying, you go back to the court, say the landscape's changed and file for a motion to modify. We did that, Your Honor. And the court said it didn't have jurisdiction, but if it did, it would have… It didn't have it then. The question is, if you have a ruling here which happens to be adverse to you, then this particular case may be done, but you still can go back to the district court and seek to modify the injunction. I agree with you, Your Honor. We are not out of options if this court determines, based on the technical filing, that we were late in filing a notice of appeal. What I'm saying to this court… In a civil case, it goes to our subject matter jurisdiction, doesn't it? Yes, Your Honor. We have to resolve this, decide whether we have the power to review the appeal. We have to resolve that, and ultimately this issue will be right back before this court on a… It may or may not be. It depends what the district court does. Town of Greece is a big opinion. It does a lot of things in this area. Yes, sir. And the injunction was entered without knowledge or benefit of the town of Greece because it hadn't yet been decided. That's correct. And so you go back to the court under… I don't know if you need to go under Rule 60 or you go under the injunction rules, but you can go and seek a modification of the injunction at any time that the injunction is still in force. That is correct. And it was permanent, wasn't it? It didn't have a time limit. It was permanent, sir. Yes, sir. And so what we're left with, though, Your Honor, may it please, is that, as I said, the court has opined without presenting that as an order that when it didn't have jurisdiction, even if it did have jurisdiction, it would have determined that the prayer giver, the board members, couldn't give the prayer, which was not a part of what the injunction was from the very beginning. It didn't enter an order, but it opined, which gives us an indication that we'll be right back here after Rule 60B. And that is correct, sir. I mean, you may brief it well, or they may brief it well, or the court may change its mind based on town of Greece. There's a lot of things said in that case. Yes, sir. And I think with regard to the substantive issues before this court, if the court is even to hear this matter, we see that with Marsh now it's been solidified and clarified by the town of Greece. We don't have the counting of the number of the references to a specific deity in a legislative prayer form anymore. But that is certainly an argument that you could make to the district court in the first instance. I mean, should we be finding the facts now? In other words, let's assume we go the way you would like us to go. What you would like us to do is to review the injunction of the district court entered without the benefit of Greece, town of Greece, and have us rule on that based on our now knowledge of town of Greece. So we would have to go back and review the facts and the injunction based on new law that the district court didn't have the benefit of. That's correct. Is that what we should be doing or should the district court be doing that in the first instance? Well, Your Honor, again, I sent a motion for review by the court and it ruled that it didn't have jurisdiction. We're in between two things, Your Honor, and may it please, we filed this notice of appeal. They filed a motion to dismiss. This court took it or deferred ruling on that motion to dismiss to accept our briefs and then to accept supplemental briefs on how this case was affected by the ruling in town of Greece. And now we're here. And now we're trying to figure all this stuff out. That's why we're having this hearing. The bottom line is that at least putting the attorney's fees part aside, because I think the opposing counsel agrees that there is jurisdiction to hear that part. If there isn't any jurisdiction to hear the original dismissal order striking the case from the docket by the district court, then there isn't any jurisdiction to hear it. That may come up later. You may be exactly right and you may be back here, but at that point, the district court would have had jurisdiction because there would be no appeal pending. And if timely appealed, we would have jurisdiction. Certainly. And certainly with the attorney's fees order being properly appealed and properly before you, if you determine the first issue is not, in determining whether there is an award of attorney's fees under the prevailing party status and also the amount of fees, you'd still have to determine the substance of the first issue to whether she was, in fact, a prevailing party. And if she's not in a prevailing party, a prevailing party requires that you prevail on the merits, that you walk out with an enforceable judgment, not just winning a battle and ultimately losing the war. As this court said in Greensville Women's Center… Well, if it's a final judgment and she won on that final judgment, isn't she entitled to fees? Not if the judgment was not proper. Not if the judgment was in error. Well, that's kind of your backdoor way to get back into what would be barred by lack of jurisdiction. Judge Agee, I'm trying the best I can to make sure that any door is open for this court to consider the merits. If that judgment was unappealed, let's assume for the moment that it was not timely appealed, we don't have the power to review that judgment. It becomes a final judgment. That doesn't mean it can't be changed by subsequent law. Certainly. But when that final judgment was entered, it was entered in favor of Ms. Hudson, wasn't it? Yes. In terms of the injunction in joining the board and the summary judgment was in favor of Ms. Hudson. That's correct. But quite frankly, when we look at it, we preserve certainly the appeal if you think there is no other, that she was in a prevailing party and certainly that even the fees within those were unreasonable, that there were some duplications. Is it the case that she wasn't the prevailing party when she got the injunction? My argument was, Your Honor, Judge Niemeyer, that – But it is. It's got to be what it is right now. What is your argument? That she was not the prevailing party? Yes. On the basis of what? On the basis in that the court's ruling – Was wrong. Thus proved by Town of Greece later was wrong, was not correct. That applying the Marsh standard as the Town of Greece did, that the district court should have come to a different conclusion, not counting the times, the number of times that Jesus Christ's name was invoked in the legislative prayer, but rather – You're celebrating my dissent. And he appreciates it. And what a nice dissent it was, Your Honor. And now your dissent should become a majority opinion. And I believe that your dissent now should become a majority opinion on the facts and merits of this case. I think ultimately what we're talking about is that the district court ultimately got it wrong. Town of Greece proved it later, but it was wrong from its inception from Marsh. Marsh solidified the tradition, the historical tradition of legislative prayer. So it's a final, unreviewed judgment. I'm assuming now that we can't review that. It's a final, unreviewed judgment. And it seems to me at that point, that judgment was never reversed. And she was the prevailing party based on what was before the court at that time. Right? Your Honor, you could view it that way, and certainly we would take the opposite view. That while it is a final judgment – Wasn't she the prevailing party? What we conceded at the time based on the judge's ruling, which we, with respect, said was an error, we nevertheless said, while conceding that under his ruling she was the prevailing party, that she was not because the judge had made error in his ruling. Respectfully, that the district court did not rule properly. Well, if we reversed, vacated that judgment, had an appeal and vacated that judgment, I guess then she wouldn't have to speak. Much in the same way of the Greensville Women's Center, the Fourth Circuit case that was decided here, Your Honor, may it please, in that it reversed a lower court's ruling. The lower court had awarded the Women's Center judgment and damages. But how can we reverse this judgment if we don't have jurisdiction? The question ultimately is whether this court finds that it has jurisdiction or not. And if it doesn't, then of course the question then becomes, within the confines of our brief, we submit that she wasn't a prevailing party and also that if we were to consider her a prevailing party, that the fees were excessive. There was one attorney, nevertheless, Frank Feebleman, who has left us, left this world now, but was a real estate attorney and was over and over billing in excess of time of even what could have been done and should have been done by the one attorney for the ACLU that was handling the case. Those issues are preserved in our brief alone. They are preserved because you filed a motion post-judgment for attorney's fees, or they did, and the court entered an order and you couldn't appeal on that. That's correct, sir. And the court actually substantially agreed with you, reducing the number of hours and the hourly fee. The magistrate's report did reduce substance. The district court accepted the recommendation. And that's correct. We would submit that we only cut down half the tree. We should have cut down a little more of that tree. Well, actually it cut down more like two-thirds of the tree. Right, and not that the tree, we would argue that the tree goes over on its side, but nevertheless, when you look at the billing records, this was a case, I handled this part of the district court case on myself. Ms. Glenberg handled it on behalf of the ACLU and Ms. Hudson. There was a lot of duplicative and duplication that was unnecessary. There was a lot of hour stuffing. There was a lot of reviews that shouldn't have been reviewed. And those kind of things, quite frankly, could have been done just by Ms. Hudson's attorney, primary attorney, Ms. Glenberg, and no one else. The district court abused its discretion. I would say that it did not take into consideration in giving Mr. Feibelman part of his billing the fact that it was completely unnecessary, as the Urofsky analysis, Judge Brinkman had said, that sometimes when it can be done by one. But the district court's abuse of discretion. That is the standard. And I would say that looking at all of the considerations of the bills, that that was excessive in what was awarded. So based on that, I would say that this court, you do have jurisdiction on an argument that I have in my brief but wasn't able to make, and I would certainly say that. What is that argument? Do we have jurisdiction? Your Honor, I say you have jurisdiction because, quite frankly, we believed and understood it to be a continuing order. I think ultimately this is a decision that. When the court says it shall be stricken from the docket, do you think that's not a final judgment? Judge, it's not that that's not a final judgment. That was above. And below says. And it said two things that were true regardless of whether it said them or not. One is that we get to review the injunction, continuing jurisdiction. As long as the injunction, 20, 30, 40 years, the court has jurisdiction to review the injunction. That's correct. And the second thing is that the attorney. Yes. And, of course, you have the rules 54, 58, 54B, 59, and they all say that that does not extend. In fact, in 2011, that rule was clarified to include that. But prior to that, it was not. So, yes, sir. I think that's basically what we believe, that this court had jurisdiction based on that. If not, it was excusable neglect and not intended. And certainly, let's not punish Pennsylvania County. This is too important an issue to decide today. Mandatory jurisdictional rules. I understand, Your Honor. That's my argument. That's why I'm standing here today. Otherwise, you could have sent me home a while ago and saved us all some time. Well, we hear from Ms. Glenn. Thank you, Judge. Thank you. Good morning and may it please the Court. Timely notice of appeal is jurisdictional. Timely notice of appeal was not made in respect to the merits decisions in this case, which were a final judgment. And, therefore, this court does not have jurisdiction to consider the merits of this case. Moreover, although the court does have jurisdiction to consider the appeal from the attorney's fees ruling, it may not do so by revisiting the final judgment that was not appealed. That judgment is the law of the case. And having obtained that final unappealed order, Ms. Hudson is the prevailing party, regardless of what Greece does or does not do with this case. Now, as to the amount of the attorney's fees, again, the standard is abuse of discretion. I think that the magistrate judge in his report and recommendation that was later adopted by the district court does an admirable job of explaining why certain requests to reduce the fees were granted and why certain requests were not. And I will rest on that to say that, clearly, there was no abuse of discretion, regardless of what niggling disagreements may remain about the fees. So, as I said, this court not having jurisdiction to review the merits, I don't… I think this was not much to talk about, if we didn't agree with you. That's right. I mean, in the event that somehow you don't agree with me, it seems like it behooves me to explain why I think Greece doesn't alter the outcome in this case, unless there are more questions on the jurisdictional or attorney's fees issues. It's a little peculiar for you to be arguing Greece here when the district court never had Seneca. Yes. And we're reviewing the district court's position. And I must say, from my own observation, I'm not speaking for the court, but I think the town of Greece did a lot of things. It wrote a lot. The play out of the town of Greece will have a substantial effect on how it's being interpreted and how these variables are being interpreted in martial law. And so, it seems to me, if we're going to review something, we ought to review something where the court has looked at Greece in connection with facts. What do you think? I think that would be ideal, Your Honor, and… All they have to do is file a motion to modify the injunction based on substantive change of landscape. That's absolutely correct, Your Honor, and I don't dispute their… You're going to come back up here, the two of you, and we're going to argue prayer. That may very well be the case, Your Honor, as you pointed out. It's not as possible on the court side. Right. Well, yes, which seems unlikely. But who knows what intervening events may prevent that subsequent appeal to bring this again to this court, as you pointed out. You have a wealth of knowledge on that topic that you can just hang on to. Am I hearing from the court that you don't want to hear about the town of Greece and its effect on this case? We understand your position, but you understand the difficulties we're confronted with in hearing it. And, obviously, you can devote your argument to anything you wish and make the judgment call, but we didn't hear from the plaintiff's appellant about the town of Greece. We have read both the briefs. We have read the records. We just find a lot of limitations. It's dangerous. Well, Your Honor, if that is the court's position, and certainly I did lay out the major arguments about Greece in our supplemental brief, although I've given it more thought and have even more distinctions to make now, but I certainly don't want to— The court is off its rocker, I bet. The Greece court? Yes. Oh, certainly not off its rocker. I gather. I'm not trying to be disrespectful. I mean, the Supreme Court is the law of the land, and I think we have to consider it and read it in its totality, and it would be very helpful to have the district court do it in the first instance, based on the facts in this case. And I'm sure, hearing the intentions of the appellants, that what they intend to do is have the court do that, and I think we will give it our full attention in that forum so that the district court will have to decide. Well, I appreciate that, Your Honor, and I certainly agree with you that the district court should evaluate the law based on the facts of this case. That's the ideal way to do it before coming back to this court on the merits. So that being the case, I will not take up more of the court's time, and I will sit down. Thank you very much. Thank you. Mr. Stanley, do you have any questions? Judge, may it please the court, I will not belabor any points that have not already been before this court. I will certainly say this, that this is an issue that is important for the Fourth Circuit to determine. Whether we are here technically or technically out of time, the matter will be brought back to the district court, whether this court remands it or not. What I would say is this, that even with whatever technicality, unintentional, I can assure you as it was, that now the Board of Supervisors still labors under an injunction, which under the law of the land now, as evidenced by a town of Greece, is by itself, because it only focused on the content, unlawful. I understand there's a process for that. Yes, sir. And even the injunction rules, I'm not sure the court had to defer to this appeal when there's a change of the landscape. Now, the court did not issue an order, that's fine, and you can press the court to modify the injunction based on Greece, and the court will consider it under an order. Yes, sir. But I do believe it would be unfair to the district court to evaluate its judgment and findings based on a town of Greece, when the district court never had that benefit. And may it please, and if I may only say this, when we filed that motion to modify, dissolve the injunction, what we were hoping is that would have been then the vehicle to turn away from this court at that time and to go get that. But the court said it didn't have jurisdiction, which quite frankly I believe it did, and certainly we would not have been before you twice, as we may be, but we might be before you again. Your Honor, the district court may well determine that at the town of Greece there's some additional fact-finding that has to be done, and it sounds like you all pretty well got the bases of your district court briefs already ready. Yeah, Your Honor, I would agree with you, Judge Agee. Not on an attorney's face. That should hopefully, one way or the other. But I think you're right, and I think ultimately the record is not have any evidence with regard to the whole prayer opportunity and whether the prayers preach damnation, proselytizing, conversion. Those are issues which still have to be determined by the court, and I can assure you as I walk out of here today, I will be filing such a motion with the district court. I would ask then that this case be remanded or a judgment be given so that with due haste that we can get this issue before the district court, as I was hoping to in our original 60B motion, so that this issue can be determined, even a trial if need be, and then if one or both of us disagree with the ruling, we can come and visit with you again and argue the merits of the case, not rather the technicalities which were before us. I appreciate your time, judges. I appreciate it greatly on what is a very important issue. Thank you. All right. We'll come down to Greek Council and take a short recess.
judges: Paul V. Niemeyer, Allyson K. Duncan, G. Steven Agee